In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-247 CR


NO. 09-03-248 CR


____________________



CHRISTOPHER M. DOMINGUEZ, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause Nos. 02-10-06494-CR and 02-10-06495-CR






MEMORANDUM OPINION


 A jury convicted Christopher M. Dominguez of unlawful possession of a firearm,
Cause No. 02-10-06494-CR, and unauthorized use of a motor vehicle, Cause No. 02-10-06495-CR, from which he appeals, Nos. 09-03-247-CR and 09-03-248-CR, respectively. 
The trial court assessed punishment at seven years' confinement in the Texas Department
of Criminal Justice, Institutional Division, for the firearm possession and two years'
confinement in the Texas Department of Criminal Justice, State Jail Division, for the
vehicular offense, to run concurrently. Dominguez brings this appeal and raises a single
issue.

 The record reflects Deputy Timothy Montgomery was dispatched "to a vehicle in
a ditch." Upon his arrival, Deputy Montgomery spoke to a wrecker driver who directed
his attention to a red Suburban passing on the road. Deputy Montgomery followed the
Suburban for a distance of one to one and a half miles before stopping it for failure to
maintain a single lane of traffic and speeding. When Deputy Montgomery activated his
spotlight, he saw a passenger climb over the front seat into the back seat. Deputy
Montgomery ordered the driver to stick his hands out of the vehicle and ordered the
passenger to get out. The passenger did not comply, and Deputy Montgomery asked the
driver to unlock the doors. Deputy Montgomery opened the back door, saw Dominguez
lying down in the back and pulled Dominguez from the vehicle. 

 Dispatch advised Deputy Montgomery the vehicle was stolen and Dominguez had
a prior felony conviction. Deputy Montgomery inventoried the vehicle and found a pistol-grip 12-gauge shotgun under the seat where Dominguez was lying, within his reach. 
Kelley Smith, an investigator with the Montgomery County Sheriff's Office, testified no
fingerprints were found on the shotgun and he was not sure whether any were found on the
Suburban. 

 The driver of the vehicle was identified as Chris Fuller. Fuller is related by
marriage to Michael Chittenden and Joshua Chittenden. Michael and Joshua testified
Fuller and Dominguez arrived at their grandfather's property in a red Suburban. Michael
testified that Dominguez bragged about putting a 12-gauge shotgun to a woman's head to
steal the vehicle. Dominguez had the shotgun in his hands. Joshua testified he saw
Dominguez handling the shotgun and cleaning it. 

 Diedra Milburn testified that on the day before Dominguez was arrested, she drove
her red Suburban to a nearby store and put gas in it. After paying, she got in her vehicle
and, as she reached to close the door, she saw a man standing between the door and her
seat. Milburn identified the man as Dominguez. Dominguez had a gun, which he raised
and pointed at the side of her face, telling her to get over and open the passenger door. 
When Milburn could not get the door open, Dominguez chambered a shell and told her to
give him everything she had. Milburn had some change in her hand; Dominguez jerked
it away and told her to get out. Milburn asked if she could get her purse. Dominguez said
to leave it and pulled her out by her shirt. As she got out, he asked her how to start the
vehicle, and she told him, "just start it." Dominguez threw Milburn's purse at her; she
grabbed it and ran to the store. Milburn reported the Suburban stolen, the police called
the next morning and told her it had been recovered. The following week, she identified
Dominguez from a photo array. 

 Dominguez contends the trial court abused its discretion in admitting the testimony
of Milburn and Michael Chittenden regarding the carjacking. Dominguez argues the
evidence regarded the extraneous offense of aggravated robbery and was inadmissible in
accordance with Rules 403 and 404(b). See Tex. R. Evid. 403, 404(b). Dominguez
claims the State did not need the evidence to prove its charges because it produced other
direct evidence which was ample to link him to the vehicle and the weapon. Dominguez
points to the following evidence:


 Joshua Chittenden saw him driving the vehicle the day before Dominguez was
arrested;
 Joshua saw Dominguez clean a shotgun and then place it inside the vehicle;
 Deputy Montgomery testified the vehicle was reported stolen; and
 Deputy Montgomery discovered a shotgun in the vehicle within reaching distance
of where Dominguez was hiding.


While the evidence Dominguez refers to does link him to the two offenses, it is not direct
evidence. When the vehicle was stopped by Deputy Montgomery, Dominguez was not
driving and no fingerprints were found on the shotgun. Michael and Joshua only saw
Dominguez handle the shotgun and drive the truck while in the company of Chris Fuller,
who was driving the Suburban when they were stopped by Deputy Montgomery. 

 Deputy Montgomery was questioned on cross as to whether he ever saw Dominguez
touch the shotgun. He testified he did not. Kelley Smith was cross-examined on whether
there were any fingerprints on the shotgun or the vehicle. No fingerprints were found on
the shotgun and Smith was not sure whether any were found on the vehicle. When
Michael Chittenden was asked on cross-examination if Chris Fuller was the one driving
when Fuller and Dominguez arrived, Michael did not know. Michael was further asked
on cross-examination if he saw Dominguez drive away, and he said, "No." Joshua
Chittenden testified on cross-examination that Dominguez was driving the Suburban when
they arrived. 

 The evidence regarding the carjacking established the elements of the offenses: 
Milburn did not give Dominguez permission to drive her vehicle, Dominguez acquired the
vehicle alone, and Dominguez had sole possession of the shotgun. Without that testimony,
there is only evidence that Dominguez was seen driving the vehicle and cleaning the
shotgun the next day.

 Under Rule 403, we review whether the trial court abused its discretion in failing
to exclude evidence because "its probative value is substantially outweighed by the danger
of unfair prejudice." See Tex. R. Evid. 403; Robbins v. State, 88 S.W.3d 256, 262 (Tex.
Crim. App. 2002) (citing Montgomery v. State, 810 S.W.2d 372, 391-93 (Tex. Crim.
App. 1990)). Under Rule 404(b), we review whether the trial court abused its discretion
in finding the evidence relevant to a noncharacter conformity issue of consequence in the
case. See Tex. R. Evid. 404(b); Robbins, 88 S.W.3d at 259. Because the testimony
constituted direct evidence of the elements of both offenses, we find the trial court did not
err under either Rule 403 or 404(b). Dominguez' issue is overruled and the judgment of
the trial court is AFFIRMED.


 ________________________________

 DON BURGESS

 Justice


Submitted on October 1, 2004 

Opinion Delivered November 10, 2004

Do not publish


Before McKeithen, C.J., Burgess, and Gaultney, JJ.